```
                    CRIMINAL COURT OF THE CITY OF NEW YORK
                         PART APAR COUNTY OF KINGS


_____              STATE OF NEW YORK
THE PEOPLE OF THE STATE OF NEW YORK           COUNTY OF KINGS

          V.

LLOYD CEASAR
_____

POLICE OFFICER ALIX BLOT SHIELD NO.19157, OF 73 COMMAND SAYS THAT ON OR ABOUT
AND BETWEEN OCTOBER 06,2022 05:47 PM AND OCTOBER 06,2022 07:29 PM AT NE CORNER
OSBORN ST & HEGEMAN AVE COUNTY OF KINGS, STATE OF NEW YORK,

THE DEFENDANT COMMITTED THE OFFENSE(S) OF:

VTL 1192(1)              OPERATING A MOTOR VEHICLE WHILE UNDER THE INFLUENCE
                         OF ALCOHOL OR DRUGS
PL 120.20                RECKLESS ENDANGERMENT IN THE SECOND DEGREE(DQO)
VTL 1192(2)              OPERATING A MOTOR VEHICLE WHILE UNDER THE INFLUENCE
                         OF ALCOHOL OR DRUGS
VTL 1192(3)              OPERATING A MOTOR VEHICLE WHILE UNDER THE INFLUENCE
                         OF ALCOHOL OR DRUGS
VTL 600(2)(A)            LEAVING THE SCENE OF AN INCIDENT WITHOUT REPORTING
VTL 1212                 RECKLESS DRIVING
VTL 511(1)(A)            AGGRAVATED UNLICENSED OPERATION OF A MOTOR VEHICLE
                         IN THE THIRD DEGREE
PL 240.26(2)             HARASSMENT IN THE SECOND DEGREE
VTL 509(1)               UNLICENSED OPERATOR


IN THAT THE DEFENDANT DID:

RECKLESSLY ENGAGE IN CONDUCT WHICH CREATED A SUBSTANTIAL RISK OF SERIOUS
PHYSICAL INJURY TO ANOTHER PERSON; WITH INTENT TO HARASS, ANNOY OR ALARM ANOTHER
PERSON, FOLLOW A PERSON IN OR ABOUT A PUBLIC PLACE OR PLACES; OPERATE A MOTOR
VEHICLE WHILE SUCH PERSON'S ABILITY WAS IMPAIRED BY THE CONSUMPTION OF ALCOHOL;
OPERATE A MOTOR VEHICLE WHILE HAVING AT LEAST .08% OF ALCOHOL IN DEFENDANT'S
BLOOD; OPERATE A MOTOR VEHICLE WHILE IN AN INTOXICATED CONDITION; DRIVE OR USE
ANY MOTOR VEHICLE, MOTORCYCLE OR ANY OTHER VEHICLE PROPELLED BY ANY POWER OTHER
THAN MUSCULAR POWER OR ANY APPLIANCE OR ACCESSORY THEREOF IN A MANNER WHICH
UNREASONABLY INTERFERED WITH THE FREE AND PROPER USE OF THE PUBLIC HIGHWAY, OR
UNREASONABLY ENDANGERED USERS OF THE PUBLIC HIGHWAY; OPERATE OR DRIVE A MOTOR
VEHICLE UPON A PUBLIC HIGHWAY OF THIS STATE OR UPON ANY SIDEWALK OR TO OR FROM
ANY LOT ADJACENT TO A PUBLIC GARAGE, SUPERMARKET, SHOPPING CENTER OR CAR WASHING
ESTABLISHMENT OR TO OR FROM OR INTO A PUBLIC GARAGE OR CAR WASHING ESTABLISHMENT
WITHOUT BEING DULY LICENSED PURSUANT TO THE PROVISIONS OF THIS CHAPTER; OPERATE
A MOTOR VEHICLE UPON A PUBLIC HIGHWAY WHILE KNOWING OR HAVING REASON TO KNOW
THAT SUCH PERSON'S LICENSE OR PRIVILEGE OF OPERATING SUCH MOTOR VEHICLE IN THIS
STATE OR PRIVILEGE OF OBTAINING A LICENSE TO OPERATE SUCH MOTOR VEHICLE ISSUED
BY THE COMMISSIONER WAS SUSPENDED, REVOKED OR OTHERWISE WITHDRAWN BY THE
COMMISSIONER; OPERATE A MOTOR VEHICLE, KNOWING OR HAVING CAUSE TO KNOW THAT
PERSONAL INJURY HAD BEEN CAUSED TO ANOTHER PERSON DUE TO AN INCIDENT INVOLVING
THE MOTOR VEHICLE OPERATED BY SUCH PERSON, LEAVE THE PLACE WHERE SAID PERSONAL
INJURY OCCURRED WITHOUT STOPPING, EXHIBITING LICENSE AND INSURANCE
IDENTIFICATION CARD FOR SUCH VEHICLE, GIVING HIS OR HER NAME, RESIDENCE,
INCLUDING STREET AND NUMBER, INSURANCE CARRIER AND INSURANCE IDENTIFICATION
INFORMATION, INCLUDING BUT NOT LIMITED TO THE NUMBER AND EFFECTIVE DATES OF SAID
INDIVIDUAL'S POLICY, AND LICENSE NUMBER TO THE PARTY SUSTAINING THE INJURY, IF
PRACTICAL, AND ALSO TO A POLICE OFFICER, OR, IN THE EVENT THAT NO POLICE OFFICER
WAS IN THE VICINITY OF THE PLACE OF SAID INJURY, WITHOUT REPORTING THE SAME AS
SOON AS PHYSICALLY ABLE TO THE NEAREST POLICE STATION.

THE SOURCE OF DEPONENT'S INFORMATION AND THE GROUNDS FOR DEPONENT'S BELIEF ARE
AS FOLLOWS:

THE DEPONENT IS INFORMED BY KEVONNAH JENKINS THAT, AT THE ABOVE TIME AND PLACE,
THE DEFENDANT DID TRY TO DRIVE PAST THE INFORMANT'S VEHCILE, HONK AND YELL AT
THE INFORMANT, EXIT THE DEFENDANT'S VEHICLE AND BANG ON THE INFORMANT'S WINDOW,
REENTER THE DEFENDANT'S VEHICLE AND FOLLOW THE INFORMANT'S VEHICLE, TRY CUTTING
```

OFF THE INFORMANT'S VEHICLE, HIT THE INFORMANT'S VEHICLE FROM THE SIDE, CAUSING THE INFORMANT'S VEHICLE TO SPIN ONTO A DIFFERENT STREET, AND LEAVE THE SCENE OF THE ACCIDENT.

THE DEPONENT IS FURTHER INFORMED BY THE INFORMANT THAT THE ABOVE-DESCRIBED ACTIONS CAUSED THE INFORMANT TO SUFFER A CONCUSSION AND PAIN TO THE SHOULDER AND HIP, TO BE TRANSPORTED TO A LOCAL HOSPITAL, AND TO BECOME ALARMED AND ANNOYED.

THE DEPONENT STATES THAT, APPROXIMATELY HALF AN HOUR AFTER THE DEFENDANT LEFT THE SCENE AND A BLOCK AWAY, UPON ARRESTING THE DEFENDANT, THE DEPONENT OBSERVED THE DEFENDANT EXHIBITING SIGNS OF INTOXICATION: TO WIT, FLUSHED FACE, BLOODSHOT EYES, AND THE SMELL OF ALCOHOL ON THE DEFENDANT'S PERSON.

THE DEPONENT FURTHER STATES THAT THE DEPONENT IS INFORMED BY THE ATTACHED CHEMICAL TEST ANALYSIS THAT AT THE TIME INDICATED, THE DEFENDANT SUBMITTED TO A CHEMICAL TEST TO DETERMINE THE DEFENDANT'S BLOOD ALCOHOL CONCENTRATION WITH A RESULT OF 0.127% ALCOHOL CONTENT.

THE DEPONENT FURTHER STATES THAT THE DEPONENT CONDUCTED A CHECK OF THE OFFICIAL, COMPUTERIZED DEPARTMENT OF MOTOR VEHICLES DRIVING RECORD(S) (PURSUANT TO VTL 201) RELATING TO DEFENDANT AND THAT THE DEPONENT OBSERVED SAID RECORD(S) TO INDICATE THAT, AT THE ABOVE TIME, THE DEFENDANT WAS DRIVING WITH HIS PRIVILEGE TO DO SO HAVING BEEN SUSPENDED IN THE STATE OF NEW YORK AND THAT THE DEFENDANT HAD 1 SUSPENSION (0 SCOFFS ON 0 DATES).

THE DEPONENT FURTHER STATES THAT THE DEPONENT'S BASIS FOR BELIEVING THAT THE DEFENDANT HAD REASON TO KNOW THAT HIS LICENSE WAS SUSPENDED IS AS FOLLOWS: THE NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES MAILS A NOTICE OF SUSPENSION TO ANY SUCH PERSON AT THEIR LAST KNOWN ADDRESS.

FALSE STATEMENTS MADE IN THIS DOCUMENT ARE PUNISHABLE AS A CLASS A MISDEMEANOR PURSUANT TO SECTION 210.45 OF THE PENAL LAW.

10/07/22                          [signature]
DATE                              SIGNATURE