```
                        CRIMINAL COURT OF THE CITY OF NEW YORK
                            PART APAR COUNTY OF KINGS


_____          STATE OF NEW YORK
THE PEOPLE OF THE STATE OF NEW YORK               COUNTY OF KINGS

            V

CAESAR   LLOYD
_____

PARALEGAL CHIBUNNA ENWEREUZOH OF THE KINGS COUNTY DISTRICT ATTORNEY'S OFFICE
SAYS THAT ON OR ABOUT MARCH 06,2024 AT APPROXIMATELY 10:08 PM AT 891 STONE
AVENUE COUNTY OF KINGS, STATE OF NEW YORK,

THE DEFENDANT COMMITTED THE OFFENSE(S) OF:

VTL 1225                      AVOIDING INTERSECTION OR TRAFFIC-CONTROL DEVICE
VTL 1229-C(1)                 OPERATION OF A VEHICLE WITHOUT SAFETY BELTS
VTL 375(2)(A)(1)              IMPROPER OR NO HEADLIGHTS
PL 165.40                     CRIMINAL POSSESSION OF STOLEN PROPERTY IN THE FIFTH
                                 DEGREE
VTL 511(1)(A)                 AGGRAVATED UNLICENSED OPERATION OF A MOTOR VEHICLE
                                 IN THE THIRD DEGREE
VTL 511(2)(A)(IV)             AGGRAVATED UNLICENSED OPERATION OF A MOTOR VEHICLE
                                 IN THE SECOND DEGREE
VTL 1211(A)                   UNSAFE BACKING UP OF A MOTOR VEHICLE
VTL 509(1)                    UNLICENSED OPERATOR


IN THAT THE DEFENDANT DID:

KNOWINGLY POSSESS STOLEN PROPERTY WITH THE INTENT TO BENEFIT THE DEFENDANT OR A
PERSON OTHER THAN AN OWNER THEREOF OR TO IMPEDE THE RECOVERY BY AN OWNER
THEREOF; BACK UP A MOTOR VEHICLE IN A MANNER WHERE SUCH MOVEMENT COULD NOT BE
MADE WITH SAFETY AND WITHOUT INTERFERING WITH OTHER TRAFFIC; DRIVE ACROSS OR
UPON A SIDEWALK, DRIVEWAY, PARKING LOT OR PRIVATE PROPERTY, OR OTHERWISE DRIVE
OFF A ROADWAY, IN ORDER TO AVOID AN INTERSECTION OR TRAFFIC-CONTROL DEVICE;
OPERATE A MOTOR VEHICLE WITHOUT HAVING (A) ALL BACK SEAT PASSENGERS OF SUCH
VEHICLE UNDER THE AGE OF FOUR BEING RESTRAINED IN A SPECIALLY DESIGNED SEAT
WHICH IS EITHER PERMANENTLY AFFIXED OR IS AFFIXED TO SUCH VEHICLE BY A SAFETY
BELT, OR IN THE EVENT THAT THE WEIGHT OF SUCH PASSENGER UNDER THE AGE OF FOUR
EXCEEDS FORTY POUNDS, SUCH PASSENGER MAY BE RESTRAINED (I) IN AN APPROPRIATE
CHILD RESTRAINT SYSTEM USED WITH COMBINATION LAP SAFETY AND SHOULDER HARNESS
BELTS OR (II)BY A LAP SAFETY BELT  IN THE EVENT SUCH VEHICLE IS NOT EQUIPPED
WITH COMBINATION LAP SAFETY AND SHOULDER HARNESS BELTS OR ALL THE COMBINATION
LAP SAFETY AND SHOULDER HARNESS BELTS ARE BEING USED TO PROPERLY RESTRAIN OTHERS
UNDER THE AGE OF SIXTEEN; (B) ALL BACK SEAT PASSENGERS OF SUCH VEHICLE WHO ARE
AGE FOUR OR OLDER BUT UNDER AGE SEVEN (I) ARE RESTRAINED IN AN APPROPRIATE CHILD
RESTRAINT SYSTEM USED WITH COMBINATION  LAP SAFETY AND SHOULDER HARNESS BELTS OR
(II) ARE RESTRAINED IN A LAP SAFETY BELT  IN THE EVENT SUCH VEHICLE IS NOT
EQUIPPED WITH COMBINATION LAP SAFETY AND SHOULDER HARNESS BELTS OR ALL THE
COMBINATION LAP SAFETY AND SHOULDER HARNESS BELTS ARE BEING USED TO PROPERLY
RESTRAIN OTHER PASSENGERS WHO ARE UNDER THE AGE OF SIXTEEN; OR (C) IN THE CASE
OF ANY OTHER BACK SEAT PASSENGER UNDER THE AGE OF SIXTEEN, HE OR SHE IS
RESTRAINED BY A SAFETY BELT;

; OPERATE A MOTOR VEHICLE, OTHER THAN A MOTORCYCLE, UPON A PUBLIC HIGHWAY DURING
THE PERIOD FROM ONE-HALF HOUR AFTER SUNSET TO ONE-HALF HALF HOUR BEFORE SUNRISE
OR AT ANY OTHER TIME WHEN WINDSHIELD WIPERS WERE IN USE, AS A RESULT OF RAIN,
SLEET, SNOW, HAIL OR OTHER UNFAVORABLE ATMOSPHERIC CONDITION, OR AT SUCH OTHER
TIME AS VISIBILITY FOR A DISTANCE OF ONE-THOUSAND FEET AHEAD OF SUCH MOTOR
VEHICLE WAS NOT CLEAR AND DID NOT DISPLAY AT LEAST TWO LIGHTED HEAD LAMPS ON THE
FRONT, ONE ON EACH SIDE, HAVING LIGHT SOURCES OF EQUAL POWER; OPERATE OR DRIVE A
MOTOR VEHICLE UPON A PUBLIC HIGHWAY OF THIS STATE OR UPON ANY SIDEWALK OR TO OR
FROM ANY LOT ADJACENT TO A PUBLIC GARAGE, SUPERMARKET, SHOPPING CENTER OR CAR
WASHING ESTABLISHMENT OR TO OR FROM OR INTO A PUBLIC GARAGE OR CAR WASHING
ESTABLISHMENT WITHOUT BEING DULY LICENSED PURSUANT TO THE PROVISIONS OF THIS
CHAPTER; OPERATE A MOTOR VEHICLE UPON A PUBLIC HIGHWAY WHILE KNOWING OR HAVING
REASON TO KNOW THAT SUCH PERSON'S LICENSE OR PRIVILEGE OF OPERATING SUCH MOTOR
VEHICLE IN THIS STATE OR PRIVILEGE OF OBTAINING A LICENSE TO OPERATE SUCH MOTOR
```

VEHICLE ISSUED BY THE COMMISSIONER WAS SUSPENDED, REVOKED OR OTHERWISE WITHDRAWN BY THE COMMISSIONER; COMMIT THE OFFENSE OF AGGRAVATED UNLICENSED OPERATION OF A MOTOR VEHICLE IN THE THIRD DEGREE AS DEFINED IN SECTION FIVE HUNDRED ELEVEN SUBDIVISION ONE SUBDIVISION  A OF THE VEHICLE AND TRAFFIC LAW, AND DEFENDANT HAD IN EFFECT THREE OR MORE SUSPENSIONS IMPOSED ON AT LEAST THREE SEPARATE DATES, FOR FAILURE TO ANSWER, APPEAR OR PAY A FINE.

THE SOURCE OF DEPONENT'S INFORMATION AND THE GROUNDS FOR DEPONENT'S BELIEF ARE AS FOLLOWS:

DEPONENT IS INFORMED BY NEW YORK CITY POLICE OFFICER MATTHEW BOTTCHER, SHIELD NO 21926 OF 073 COMMAND, THAT AT THE ABOVE TIME AND PLACE, WHICH IS A PUBLIC HIGHWAY, DEPONENT OBSERVED DEFENDANT DRIVING A 2006 AUDI A4 HI STATE LICENSE NO. DTX756, WHILE THE DEFENDANT WAS DRIVING ON A SIDEWALK, AND WHILE THE DEFENDANT REVERSED SAID VEHICLE BACK TOWARD'S DEFT'S DRIVEWAY CROSSING SOLID DOUBLE LINES, AND WHILE SAID VEHICLE HAD NO HEADLIGHTS ON, AND WHILE THE DEFENDANT WAS NOT WEARING A SEATBELT.

DEPONENT IS FURTHER INFORMED BY THE INFORMANT THAT THE INFORMANT CONDUCTED A CHECK OF THE OFFICIAL, COMPUTERIZED DEPARTMENT OF MOTOR VEHICLES DRIVING RECORD(S) (PURSUANT TO VTL 201) RELATING TO DEFENDANT.

DEPONENT IS FURTHER INFORMED BY THE INFORMANT THAT THE INFORMANT OBSERVED SAID RECORD(S) TO INDICATE THAT, AT THE ABOVE TIME, DEFENDANT WAS DRIVING WITH HIS PRIVILEGE TO DO SO HAVING BEEN SUSPENDED IN THE STATE OF NEW YORK.

DEPONENT IS FURTHER INFORMED BY THE INFORMANT THAT THE INFORMANT OBSERVED THE OFFICIAL DEPARTMENT OF MOTOR VEHICLES RECORD(S) TO INDICATE THAT, AT THE ABOVE TIME, DEFENDANT HAD 4 SUSPENSIONS (3 SCOFFS ON 3 DATES).

DEPONENT FURTHER STATES THAT DEPONENT'S BASIS FOR BELIEVING THAT THE DEFENDANT HAD REASON TO KNOW THAT HIS LICENSE WAS SUSPENDED IS AS FOLLOWS: THE ABOVE-DESCRIBED NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES COMPUTER CHECK REVEALED THAT DEFENDANT'S LICENSE WAS SUSPENDED FOR FAILURE TO ANSWER OR APPEAR IN RESPONSE TO A TRAFFIC SUMMONS, AND ALL SUCH SUMMONS HAVE PRINTED ON THEM THE WARNING "IF YOU DON'T ANSWER THIS TICKET BY MAIL WITHIN 15 DAYS YOUR LICENSE WILL BE SUSPENDED".

DEPONENT FURTHER STATES THAT THE NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES MAILS A NOTICE OF SUSPENSION TO ANY SUCH PERSON AT THEIR LAST KNOWN ADDRESS.

DEPONENT IS FURTHER INFORMED BY THE INFORMANT THAT THE INFORMANT THAT THE INFORMANT DID OBSERVED THE DEFENDANT IN POSSESSION OF A DRIVER'S LICENSE BEARING THE NAME MALCOLM BASTIEN.

DEPONENT IS FURTHER INFORMED BY MALCOLM BASTIEN THAT THE INFORMANT DID REPORT THE ABOVE MENTIONED DRIVER'S LICENS STOLEN ON 09/30/2023.

DEPONENT IS FURTHER INFORMED BY THE INFORMANT THAT THE INFORMANT THAT THE INFORMANT IS THE CUSTODIAN OF THE ABOVE-MENTIONED DRIVERS LICENSE AND THAT THE DEFENDANT DID NOT HAVE PERMISSION OR AUTHORITY TO TAKE, POSSESS, OR OTHERWISE EXERCISE DOMINION OR CONTROL OVER SAID PROPERTY.

FALSE STATEMENTS MADE IN THIS DOCUMENT ARE PUNISHABLE AS A CLASS A MISDEMEANOR PURSUANT TO SECTION 210.45 OF THE PENAL LAW.

03/07/24     *CHIBUNNA ENWEREUZOH*
DATE         SIGNATURE